**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOSE MENENDEZ and MERIDA
MONTEAGUDO, Individually and
as Representatives of the Estates of
JUAN MENENDEZ and CLOTILDE
MENENDEZ, Deceased,

        Plaintiffs,

vs.                                                          No. CV 00-904 SC/RLP

BRIDGESTONE/FIRESTONE, INC.,
FORD MIDWAY MALL, INC., and
FRED JONES FORD OF OKLAHOMA
CITY, INC./FRED JONES FORD OF
OKLAHOMA CITY, L.L.C.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant Ford Midway Mall's Motion to Dismiss for Lack of Personal Jurisdiction, circulated July 11, 2000, and filed August 8, 2000 [Doc. No. 12], and Plaintiffs' Motion to Remand, circulated July 18, 2000, and filed August 18, 2000 [Doc. No. 21]. The Court, having read the motions and memoranda and being apprised of the applicable law, concludes that Defendant Ford Midway Mall's motion is moot and Plaintiffs' motion to remand is not well-taken. Defendant Ford Midway Mall will be dismissed from the action.

**I.    BACKGROUND**

Juan Menendez and Clotilde Menendez (the Menendezes) embarked on a cross-

country trip, originating in Florida, in a 1996 Ford Explorer.  Before they left Florida, the Menendezes took the Explorer to Defendant Ford Midway Mall, Inc. for maintenance services.  Defendant Ford Midway Mall was informed that the Menendezes were about to embark on a cross-country trip.  During their trip, the Menendezes also took the Explorer to Defendant Fred Jones Ford of Oklahoma City, Inc./Fred Jones Ford of Oklahoma City, L.L.C. (Fred Jones Ford) for maintenance services.  Defendant Fred Jones Ford was informed the Menendezes were on a cross-country trip.  In the midst of their trip, on or about August 19, 1997, in Guadalupe County, New Mexico, one of the Bridgestone/Firestone, Inc. tires on the vehicle detreaded, causing a loss of control and subsequent rollover.  The Menendezes suffered fatal injuries.

On May 19, 2000, Jose Menendez and Merida Monteagudo, individually and as representatives of the Menendezes' estates, brought a civil action in the Fourth Judicial District Court, Guadalupe County, New Mexico, against Bridgestone/Firestone, Inc., Ford Midway Mall, Inc., and Fred Jones Ford of Oklahoma City, Inc./Fred Jones Ford of Oklahoma City, L.L.C.   Jose Menendez and Merida Monteagudo are the son and daughter of the Menendezes and are co-personal representatives of their parents' estates.  Jose Menendez and Merida Monteagudo are citizens of Florida.  Defendant Bridgestone/Firestone is a corporation organized under Ohio law with its principal place of business in Tennessee.  Defendant Ford Midway Mall is a corporation organized under Florida law with its principal place of business in Florida.  Defendant Fred Jones Ford is a corporation and a limited liability company.  Both of its entities are organized under the

laws of Oklahoma with a principal place of business in Oklahoma.

On June 21, 2000, Defendant Bridgestone/Firestone filed a Notice of Removal under 28 U.S.C. §§ 1332 and 1441(a) and the doctrine of fraudulent joinder.  Defendants Ford Midway Mall and Fred Jones Ford consented to removal and joined in the Notice of Removal.  In the Notice of Removal, Defendants contend that the Court should consider Defendant Ford Midway Mall, a citizen of the same state as Plaintiffs, to be fraudulently joined for the purposes of defeating diversity jurisdiction.  Defendants contend that Plaintiffs cannot state a claim against Defendant Ford Midway Mall because the Court lacks personal jurisdiction over it.  On August 8, 2000, Defendant Ford Midway Mall filed a motion to dismiss it for lack of personal jurisdiction.  Defendant Bridgestone/Firestone filed a response concurring in Defendant Ford Midway Mall's motion to dismiss.  On August 18, 2000, Plaintiffs filed a motion to remand the action for lack of subject matter jurisdiction because of non-diverse parties.

**II.    DISCUSSION**

Before reaching the merits of the pending motions, I must determine which motion to address first – the motion to dismiss for lack of personal jurisdiction or the motion to remand for lack of subject matter jurisdiction.  Resolution of one motion will moot the other.  "[T]here is no unyielding jurisdictional hierarchy" requiring a federal court to address one jurisdictional issue before the other.  Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 578 (1999); see Gadlin v. Sybron Int'l Co., 222 F.3d 797, 799 (10th Cir. 2000).  For reasons of comity and judicial expediency, if subject matter jurisdiction involves "no

arduous inquiry," it should be disposed of first.  Ruhrgas, 526 U.S. at 587-88.  However, in a case where the subject matter jurisdiction issue raises difficult questions and "the personal jurisdiction issue is straightforward and presents no complex questions of state law" a court does not abuse its discretion by addressing personal jurisdiction first." Gadlin, 222 F.3d at 799 (citing Ruhrgas, 526 U.S. at 588).

Unlike in Ruhrgas, the two pending motions do not vary in difficulty or novelty. In fact, at bottom, both are based on the same issue – whether the Court has personal jurisdiction over Defendant Ford Midway Mall.  The motions, however, do differ in the applicable standard of review.  The motion to remand (and the issue of fraudulent joinder) places a heavier burden of proof on Defendants than the Rule 12(b)(6) motion to dismiss.[1]  See Montano v. Allstate Indemnity, No. 99-2225, 211 F.3d 1278, 2000 WL 525592 at *2 (10th Cir. Apr. 14, 2000) (unpublished disposition) (fraudulent joinder standard "is more exacting" than Rule 12(b)(6) standard).  Given the choice between two motions raising the same issue, albeit via different doorways, and the stage of the case, I will address the motion to remand first.  If Defendants meet the more stringent fraudulent joinder burden they also will meet the lower burden placed on them by the Rule 12(b)(6) motion to dismiss.  Disposing of the motion to remand prior to the motion to dismiss also will effectuate the Supreme Court's teaching, in recognition of the importance of comity, that subject matter should be addressed first if it is not unusually difficult.

---

[1] I use the term "Defendants" for simplicity's sake.  Defendant Fred Jones Ford did not join Defendant Ford Midway Mall's motion to dismiss.

As plead, complete diversity does not exist in this action because Plaintiffs and Defendant Ford Midway Mall are both Florida citizens.  Consequently, as plead, I do not have subject matter jurisdiction over this action.  However, in their Notice of Removal and in their response to Plaintiffs' motion to remand, Defendants contend that Defendant Ford Midway Mall is a fraudulently joined non-diverse party.[2]  Defendants' assertion of fraudulent joinder carries a heavy burden.  See Montano, 211 F.3d 1278, 2000 WL 525592 at *1.  "'To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court.'"  Id. (quoting Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) (quotation omitted and alterations in Montano).  All disputed questions of fact and all ambiguities in the controlling law are resolved in favor of the non-removing party.  See id. (quoting Hart, 199 F.3d at 246).

Defendants argue that Plaintiffs cannot state a claim for relief against Defendant Ford Midway Mall under New Mexico law.  Defendants specifically contend that Plaintiffs have failed to allege or support by affidavit any conduct by Defendant Ford Midway Mall that falls within New Mexico's long-arm statute, and thus personal jurisdiction over Defendant Ford Midway Mall is lacking.

New Mexico has a three-part test for determining personal jurisdiction over a non-

---

[2] Plaintiffs' argument that I cannot consider Defendant Bridgestone/Firestone's fraudulent joinder theory because it is grounded on a defense personal to Defendant Ford Midway Mall is meritless. Defendant Ford Midway Mall joined in the removal of this action and, thus, the argument is also Defendant Ford Midway Mall's.

resident defendant: (1) the defendant must have committed at least one of the acts enumerated in the New Mexico long-arm statute, (2) the plaintiff's causes of action must have arisen from the act or acts, and (3) the defendant must have had minimum contacts with New Mexico sufficient to satisfy constitutional due process. See Cronin v. Sierra Med. Ctr., 2000-NMCA-082 ¶ 11, 2000 WL 1336659 at *3, cert. denied, No. 26,515 (2000); Visarraga v. Gates Rubber Co., 104 N.M. 143, 146, 717 P.2d 596, 599 (Ct. App. 1986). It is uncontested that the first two elements are satisfied. Defendant Ford Midway Mall allegedly committed a tortious act in New Mexico by providing in Florida negligent automobile maintenance services which resulted in fatal injuries in New Mexico. See N.M. Stat. Ann. § 38-1-16(A)(3) (1998 Repl. Pamp.) (commission of tortious act enumerated act in long-arm statute); Roberts v. Piper Aircraft Corp., 100 N.M. 363, 366, 670 P.2d 974, 977 (Ct. App. 1983) ("tortious act" under New Mexico's long-arm statute occurs when a negligent act occurring outside of state causes injury within state). Furthermore, Plaintiffs' wrongful death and survival action arises from Defendant Ford Midway Mall's alleged tortious conduct.

What is at issue is the third element. To satisfy the third element, Defendant Ford Midway Mall must have "certain minimum contacts with [New Mexico] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotations omitted). "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no

meaningful 'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (quoting International Shoe, 326 U.S. at 319). A measure of the sufficiency of a defendant's contacts with the forum state is the degree to which the defendant purposefully initiated contact with the forum state. See Customwood Mfg., Inc. v. Downey Constr. Co., 102 N.M. 56, 57, 691 P.2d 57, 58 (1984) (citing Hanson v. Denckla, 357 U.S. 235, 253 (1958)). There is no allegation that Defendant Ford Midway Mall had any direct contact with New Mexico. Rather, Plaintiffs contend that Defendant Ford Midway Mall had sufficient minimum contacts with New Mexico because it was informed that the Menendezes were about to embark on a cross-country trip, traveling to such places as Las Vegas, Nevada and the Grand Canyon in Arizona. Therefore, Plaintiffs continue, it was foreseeable that the vehicle Defendant Ford Midway Mall inspected and serviced would travel through New Mexico.

    Foreseeability is an insufficient hook on which to hang personal jurisdiction. See Burger King Corp., 471 U.S. at 474 (1985); World-Wide Volkswagen v. Woodson, 444 U.S. 286, 295, 297 (1980); see also Piper, 100 N.M. at 367, 670 P.2d at 978. As explained in a hypothetical very similar to the case at hand, if a purely local California dealer sold tires to a tourist with Pennsylvania license plates on her vehicle, making the tires' travel from California to Pennsylvania foreseeable, and an accident attributed to a defect in the tires were to occur in Pennsylvania, it would be offensive to due process to require the purely local California dealer to defend itself in Pennsylvania courts in the resulting lawsuit. See Erlanger Mills, Inc. v. Cohoes Fibre Mills, Inc., 239 F.2d 502, 507

(4th Cir. 1956) (cited in World-Wide Volkswagen, 444 U.S. at 296). "The Due Process Clause, by ensuring the orderly administration of the laws, gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." World-Wide Volkswagen, 444 U.S. at 297 (internal quotations and citation omitted). The Due Process Clause also protects the integrity of our federal system by maintaining the separate identities and power of individual states. See Erlanger Mills, 239 F.2d at 509. Moreover, sustaining jurisdiction in cases where a purely local provider provided a good or service that allegedly caused harm outside of the state would be a "serious threat and deterrent to the free flow of commerce between the states," as local vendors would go out of their way not to conduct business with out-of-staters (or cross-country travelers) to prevent being haled into an out-of-state court. Id. at 507; see also Cronin, 2000-NMCA-082 ¶ 27, 2000 WL 1336659 at *8.

    Even assuming that Defendant Ford Midway Mall knew the Menendezes would be traveling through New Mexico, this knowledge is insufficient to enable New Mexico to grasp Defendant Ford Midway Mall in its judicial talons. See World-Wide Volkswagen, 444 U.S. at 298 (1980) ("It is foreseeable that the purchasers of automobiles sold by World-Wide and Seaway may take them to Oklahoma. But the mere unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." (internal quotations omitted)). Nor is it enough that, by servicing the Menendezes' vehicle in preparation for their cross-country

trip, Defendant Ford Midway Mall implicitly may have encouraged or sanctioned the trip. The Menendezes unilaterally traveled to New Mexico. Defendant Ford Midway Mall's contact with New Mexico was incidental. Its conduct does not constitute purposeful action. See World-Wide Volkswagen, 444 U.S. at 298 (consumer of auto transported vehicle into forum state, not defendant retailer); Kulko v. Superior Court, 436 U.S. 84, 94 (1978) (defendant father had contact with forum state because his children lived there, but move to state was children's idea); Hanson, 357 U.S. at 253 (defendant trustee's contact with forum state caused not by trustee's action but by settlor's move to state after formation of trust); see also Cronin, 2000-NMCA-082 ¶¶ 23-26, 2000 WL 1336659 at *7-*8. Consequently, Defendant Ford Midway Mall has insufficient "contacts, ties, or relations" with New Mexico to justify this Court's exercise of in personam jurisdiction over Defendant Ford Midway Mall.

Resolving all ambiguities in fact or law in favor of Plaintiffs, I conclude that Defendants have demonstrated that there is no possibility that Plaintiffs would be able to establish a cause of action against Defendant Ford Midway Mall because personal jurisdiction is lacking over that defendant. Therefore, Defendant Ford Midway Mall will be dismissed from the action as fraudulently joined. Complete diversity exists amongst the remaining parties and, thus, I have subject matter jurisdiction over this action. Therefore, Plaintiffs' motion to remand will be denied.

**NOW, THEREFORE, IT IS ORDERED** that Defendant Ford Midway Mall's

Motion to Dismiss for Lack of Personal Jurisdiction, circulated July 11, 2000, and filed August 8, 2000 [Doc. No. 12], is DENIED as MOOT.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand, circulated July 18, 2000, and filed August 18, 2000 [Doc. No. 21], is DENIED. Defendants' removal of the action on the basis of fraudulent joinder of a non-diverse party (Defendant Ford Midway Mall) is upheld. Defendant Ford Midway Mall is DISMISSED from the action.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs: Patrick A. Casey, Santa Fe, N.M., and Robert E. Ammons, STEVENSON & AMMONS, Houston, TX

Counsel for Defendant Bridgestone/Firestone, Inc.: Robert G. McCorkle, RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A., Albuquerque, N.M.

Counsel for Defendant Ford Midway Mall, Inc.: W.R. Logan and Victor P. Montoya, CIVEROLO, GRALOW & HILL, P.A., Albuquerque, N.M.

Counsel for Defendant Fred Jones Ford of Oklahoma City, Inc./Fred Jones Ford of Oklahoma City, L.L.C.: Michael W. Brennan, MADISON, HARBOUR, MROZ & BRENNAN, P.A., Albuquerque, N.M.